# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY JOHN CRESSLEY, | ) | |
| Petitioner, | ) | Civil Action No. 08-301 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| D.M. CHAMBERLAIN, et al., | ) | |
| Respondents. | ) | |

## OPINION AND ORDER[1]

Petitioner Timothy John Cressley has filed a Petition For Writ Of Habeas Corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1], which he subsequently supplemented [ECF No. 8]. For the reasons set forth below, his request for habeas relief is denied and a certificate of appealability is denied.

## I.

### A. Relevant Background

On June 20, 2008, Petitioner appeared before the Court of Common Pleas of Warren County and pleaded guilty to Possession With Intent To Deliver, in violation of 35 P.S. § 780-113(a)(16), a misdemeanor. On July 11, 2008, the court sentenced him to a term of 6-12 months of incarceration, to be served consecutive to a term imposed in a separate criminal action before the Court of Common Pleas of Crawford County. [See ECF No. 8]. Petitioner did not appeal.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

In his petition for writ of habeas corpus, as supplemented, Petitioner is challenging the Court of Common Pleas of Warren County's decision to impose a sentence *consecutive* to the other state sentence he was serving. It also appears that he is claiming that his guilty plea was not knowing or voluntary because he had relied upon his counsel's assurance that the court would impose a concurrent sentence.

**B.** **Discussion**

Petitioner's request for habeas relief is denied because he failed to exhaust his claims. 28 U.S.C. § 2254 provides that a federal habeas court may not grant a petition for a writ of habeas corpus unless the petitioner first has exhausted the remedies available in the state courts. See, e.g., Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), citing 28 U.S.C. § (b)(1)(A). Exhaustion "addresses federalism and comity concerns by 'affording the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" Parker v. Kelchner, 429 F.3d 58, 61 (3d Cir. 2005), quoting Toulson v. Beyer, 987 F.2d 984, 986 (3d Cir. 1993), which quoted Vasquez v. Hillery, 474 U.S. 254, 257 (1986). In order to exhaust a claim, a petitioner must "fairly present" it to each level of the state courts. Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000), citing 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). In Pennsylvania, this requirement means that a petitioner in a non-capital case must have presented every federal constitutional claim raised in his habeas petition to the Common Pleas Court and then the Superior Court either on direct or PCRA appeal. See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004).

As set forth above, Petitioner did not exhaust the claims that he now raises before this Court. Since he failed to do so, his claims are "procedurally defaulted." Like the exhaustion doctrine, the procedural default doctrine is "grounded in concerns of comity and federalism," Coleman v. Thompson,

501 U.S. 722, 730 (1991), and it applies to bar federal habeas relief when a state court has declined or would decline to address a petitioner's federal constitutional claims because he failed to meet a state procedural requirement (*i.e.*, failed to raise them at the proper time).  See, e.g., Whitney v. Horn, 280 F.3d 240, 381 (3d Cir. 2002); Lines, 208 F.3d at 166 (when exhaustion of a claim now would be futile because the state court would deem it to be waived or untimely, the claim is procedurally defaulted for federal habeas review).[2]

Finally, the central issue in this case is Petitioner's contention that the Court of Common Pleas of Warren County erred in imposing a consecutive sentence.  This claim is not cognizable.  Sentencing is generally considered a matter of state criminal procedure, which does not fall within the purview of federal habeas review.  See 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990).  Unless a habeas petitioner asserts that a state sentence constitutes cruel and unusual punishment prohibited by the Eighth Amendment, or that it is arbitrary or otherwise in violation of due process, the legality of a sentence is purely a question of state law.  See, e.g., Chapman v. United States, 500 U.S. 453, 465 (1991); Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 42- 43 (3d Cir. 1984).  Petitioner makes no such assertions in this case.

---

[2] A petitioner whose constitutional claims are procedurally defaulted can overcome the default, thereby allowing federal court review, if he can demonstrate "cause" for the default, *i.e.,* that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice."  Coleman, 501 U.S. at 750; see also Murray v. Carrier, 477 U.S. 478, 488, 494 (1986).  Petitioner points to no evidence and makes no allegation concerning cause for his default or prejudice stemming therefrom, as is his burden.  Id.
Another exception to the procedural default doctrine is the "miscarriage of justice" exception.  It provides that a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]"  Schlup v. Delo, 513 U.S. 298, 316 (1995).  It only applies in extraordinary cases where the petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent.  Id.  It is not applicable to Petitioner's case.

3

**C.     Certificate of Appealability**

Section 102 of the Antiterrorism and Effective Death Penalty Act codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id. Applying those standards here, jurists of reason would not find it debatable whether Petitioner's claims should be denied.  Accordingly, a certificate of appealability should be denied.

**II.**

For the foregoing reasons, the Petition For Writ Of Habeas Corpus, as supplemented, is denied and a certificate of appealability be denied.  An appropriate order follows.

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TIMOTHY JOHN CRESSLEY,** | ) | |
| Petitioner, | ) | Civil Action No. 08-301 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| **D.M. CHAMBERLAIN, et al.,** | ) | |
| Respondents. | ) | |

## ORDER

AND NOW, this 6th day of April, 2011;

IT IS HEREBY ORDERED that the petition for writ of habeas corpus is DENIED and a certificate of appealability is DENIED. The Clerk of Courts is hereby directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc: Notice by ECF to counsel of record and by U.S. Mail to:

Timothy John Cressley
HH-6699
SCI Pittsburgh
PO Box 99991
Pittsburgh, PA 15233